Weinhardt v New York City Tr. Auth.
2026 NY Slip Op 03653
June 9, 2026
Appellate Division, First Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Nancy Weinhardt, Plaintiff-Appellant,
v
New York City Transit Authority, et al., Defendants-Respondents.

Decided and Entered: June 09, 2026
Index No. 452432/16|Appeal No. 6054|Case No. 2025-00516|
Before: Webber, J.P., Scarpulla, GonzáLez, Rodriguez, Higgitt, JJ.

Powers & Santola, LLP, New York (Michael J. Hutter, Jr. of counsel), for appellant.
Anna J. Ervolina, MTA Law Department, Brooklyn (Theresa Frame of counsel), for respondents.

[*1]
Order, Supreme Court, New York County (Suzanne J. Adams, J.), entered on or about January 2, 2025, which denied plaintiff's motion pursuant to CPLR 4404 (a) to set aside the jury verdict as against the weight of the evidence and in the interests of justice, unanimously affirmed, without costs.
The court properly concluded that the verdict was not against the weight of the evidence or contrary to the interests of justice as the evidence did not so preponderate in favor of plaintiff that the verdict should be set aside (see Muroff v Heerdt, 242 AD3d 666, 667 [1st Dept 2025]). There was proof that defendant Michael Herron, the driver of the motor vehicle in which plaintiff, his mother, was a passenger, which collided with the bus operated by defendant NYCTA, made a sudden right turn in front of the bus, causing the accident. The court correctly found that although Herron and his expert collectively testified that Herron's car was driving straight when the bus moved into it, the jury was entitled to reject that testimony and credit the testimony of the bus operator and a bus passenger (see Sicignano v New York City Tr. Auth., 126 AD3d 595, 596 [1st Dept 2015]).
Plaintiff contends that NYCTA's counsel "corrupted" the fairness of the trial through inflammatory rhetoric, character assassination, and unfounded insinuations of a criminal conspiracy by plaintiff and Herron. The record does not reflect conduct by NYCTA's counsel that called into question the basic fairness of the trial. Moreover, the court sustained plaintiff's objections to certain comments and plaintiff did not move for a mistrial based on them at the time (see Virgo v Bonavilla, 49 NY2d 982, 984 [1980]).
Even assuming the court erred in allowing certain portions of the redacted police report into evidence, any error was harmless. The police officer who prepared the report testified that she had a specific, independent recollection of Herron providing the details of the accident, including telling her that he made a right turn in front of the bus, which was a party admission.
Finally, the court properly charged the jury concerning the emergency doctrine. The issue of whether the bus operator was confronted with an emergency was properly presented to the jury for resolution, as the bus operator also testified that he saw the car as it was coming toward the bus (see Rosario v Morias, 8 AD3d 108, 108 [1st Dept 2004]).
We have considered plaintiff's remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 9, 2026